Voto particular disidente emitido por el
Juez Asociado Señor Rivera García,
al que se une la Jueza Asociada Se-ñora Pabón Charneco.
Con el malogrado objetivo de promover la transparencia en los procedimientos judiciales, hoy una mayoría de los miembros de esta Curia se aferra en sostener la desafortu-nada determinación de autorizar la grabación y transmi-sión de la vista de sentencia en el caso Pueblo v. Malavé Zayas, Caso Núm. EIS2011G0004 al 14, al amparo de un reglamento que no es aplicable. Por entender que esta au-torización selectiva e improvisada incide contra el am-biente de orden y solemnidad que debe imperar en todo procedimiento judicial, particularmente en uno de índole criminal, no me resta más que disentir.
I
El 19 de abril de 2013 tomamos la decisión de enmendar el Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, con el fin de viabilizar el establecimiento de un proyecto experimental que permitiera el uso de cámaras fotográficas y de equipo audiovisual de difusión exclusivamente en las Salas de Recursos Extraordinarios del Centro Judicial de San *843 Juan.(1) Véase In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424 (2013). Dirigido exclusivamente a ello, conjunto con la citada resolución, adoptamos el Reglamento del Programa Experimental para el Uso de Cámaras Fotográfi-cas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, disponible en: http.7/ www.ramajudicial.pr ¡leyes I Reglamentó-Utilización -Medios-Comunicacion-Procesos-Judiciales.pdf. Así, esta-blecimos que este reglamento “[r]egirá únicamente en los procesos judiciales celebrados en las Salas de Recursos Ex-traordinarios del Centro Judicial de San Juan”. (Énfasis suplido). Regla 3, In re C. 15; Regl. Uso Cámaras Proc. Jud., supra pág. 429.
Para mayor claridad sobre ese particular, expresamente consignamos que el término proceso judicial “comprende, sin limitarse a, la celebración de vistas de estado de los procedimientos, vistas argumentativas, conferencias con antelación al juicio y vistas en su fondo de aquellos asuntos y recursos en materia civil asignados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan”. (Énfasis suplido). Regla 4, In re C. 15; Regl. Uso Cámaras Proc. Jud., supra pág. 430. Nótese que la frase “sin limi-tarse” se circunscribe a aclarar que se podrá grabar cual-quier procedimiento a celebrarse en las salas de Recursos Extraordinarios del Centro Judicial de San Juan, sin limi-tarse a los específicamente mencionados. Bajo ninguna cir-cunstancia supone que la adopción de este Reglamento aplicaría a “otros” procedimientos más allá de los celebra-dos en estas salas civiles.
De igual forma, dispusimos en nuestra Resolución que al finalizar el año desde que entrara en vigor el programa experimental —1 de julio de 2013 — , este Tribunal haría *844 una “evaluación exhaustiva de la efectividad del uso de cá-maras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales que se celebren en dichas salas”. In re C. 15; Regl. Uso Cámaras Proc. Jud., supra, págs. 427-428. De hecho, en aquella ocasión condicioné mi voto de conformidad a la enmienda al Canon 15 de Ética Judicial, supra, al hecho de que su aplicación se limitara exclusivamente al Programa Experimental por el término de un año, según adoptado en su correspondiente reglamento. Id.
En ese particular contexto fue que la Asociación de Pe-riodistas de Puerto Rico (ASPRO), el Taller de Fotoperio-dismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (en conjunto, grupos periodísti-cos), presentaron una Petición Especial de Autorización al Amparo del Canon XV de los de Ética Judicial y del Pro-grama Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual en los Procesos Judiciales. En esta, solicitaron autorización para grabar y transmitir por cá-maras fotográficas y equipo audiovisual la vista de senten-cia señalada en el caso criminal que se dilucida en contra del Sr. Ángel Malavé Zayas.
Evaluada tal petición, el 4 de noviembre de 2013 emiti-mos una resolución mediante la cual una mayoría de este Tribunal declaró “con lugar” el petitorio sin trámite ulterior. Véase ASPRO et al., Ex parte I, 189 DPR 769 (2013). Inconforme con este proceder, en aquella ocasión hice constar las siguientes expresiones:
[...] proveería “no ha lugar” a la solicitud de los peticiona-rios, toda vez que la misma queda fuera del alcance de la Re-solución ER-2013-1 emitida por este Tribunal y el Reglamento del Programa Experimental para el Uso de Cámaras Fotográ-ficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales. En aquel momento, la decisión unánime de esta Curia fue establecer un Programa Experimental en las salas de recursos extraordinarios del Centro Judicial de San Juan. Conforme a lo allí dispuesto, al *845 final de ese periodo, el cual culmina en julio de 2014, el Tribunal deberá evaluar exhaustivamente la efectividad del uso de los referidos equipos. Por lo tanto, resulta prematura cual-quier solicitud a los fines de ampliar lo que autorizamos me-diante la referida resolución, sin antes contar con el beneficio de una evaluación de ese periodo experimental. íd., págs. 770-771.
El 21 de noviembre de 2013 el señor Malavé Zayas, a través de sus representantes legales, compareció ante nos y solicitó que dejáramos sin efecto la autorización conce-dida a los grupos periodísticos. Véase Solicitud para que se Deje sin Efecto Autorización de Utilización de Cámaras Audiovisual y Transmisión de Procedimientos. En su co-rrespondiente solicitud, este argüyó que la Resolución adoptada por este Tribunal contraviene su derecho a un debido proceso ley, ya que nunca se le notificó del recurso ex parte, ni se le brindó la oportunidad de expresarse sobre el particular. Entiende que la autorización concedida para la grabación de la vista de sentencia le afecta directamente su derecho a un proceso justo e imparcial, particularmente ante la existencia de dos procesos criminales adicionales, con derecho a juicio por jurado, así como un proceso civil por jurado en el Tribunal de Distrito Federal relacionado a los casos criminales.
Por otra parte, expone que las organizaciones periodís-ticas solicitaron autorización para grabar los procedimien-tos al amparo del Canon 15 de Etica Judicial, supra, y del Reglamento del Programa Experimental, por lo que la so-licitud debió presentarse ante el Tribunal de Primera Ins-tancia, según establece el mencionado reglamento. Esta-blecen que el Reglamento dispone de una política pública sobre el uso de cámaras y otro equipo audiovisual en el contexto exclusivo y específico de las Salas de Recursos Ex-traordinarios del Centro Judicial de San Juan.
Ciertamente, coincido en parte con los planteamientos expuestos por la representación legal del señor Malavé Za-yas, particularmente en lo que respecta a la improcedencia *846 de la solicitud presentada por el grupo periodístico al am-paro del inaplicable Reglamento del Programa Experimental. Nótese que aun si este fuese el cuerpo reglamenta-rio aplicable, como erróneamente concluye una mayoría de este Tribunal, la realidad es que la solicitud que realizaron los grupos periodísticos no estuvo conforme a sus disposi-ciones. Al respecto, la Regla 6 del Reglamento del Programa Experimental claramente dispone que todo medio de comu-nicación que interese tomar fotografías o grabar imágenes y audio con el propósito de difundir un proceso judicial deberá presentar una petición ante la Secretaría del Centro Judicial de San Juan, no ante este Tribunal.(2) Esto denota con mayor claridad la inaplicabilidad del mencionado regla-mento, ya que sería totalmente improcedente solicitar auto-rización a la Secretaría del Centro Judicial de San Juan respecto a un proceso que se dilucida en el Centro Judicial de Caguas.
Lo anterior es tan sólo un ejemplo de la improcedencia de la solicitud presentada por los grupos periodísticos. Conforme a lo expuesto anteriormente, la enmienda que introdujimos al Canon 15 de Etica Judicial, supra, se hizo con el único propósito de hacer viable la implantación de un plan experimental aplicable exclusivamente a casos ci-viles que se diluciden específicamente en las Salas de Re-cursos Extraordinarios del Centro Judicial de San Juan. A pesar de ello, con afán y prisa desmedida, hoy una mayoría de los miembros de esta Curia ignora sus propias expresio-nes anteriores y autoriza la grabación y transmisión de un *847 procedimiento criminal, para lo cual aún no hemos adop-tado reglamentación específica alguna. La grabación de los procedimientos como el que hoy autoriza este Tribunal era lo que precisamente iba a ser objeto de estudio una vez finalizara el plan experimental en julio de 2014. ¿Qué ne-cesidad había de adoptar un programa experimental si antes de éste culminar y recibir los resultados ya estamos autorizando procedimientos que ni tan siquiera fueron con-siderados?
Sobre este particular, vale cuestionarse: ¿dónde está el informe que nos permitiría evaluar con detenimiento el im-pacto de las cámaras sobre el desarrollo de los procesos judiciales y los efectos concretos sobre la actuación de los participantes antes de establecer permanentemente una política institucional a esos efectos? ¿Dónde quedó la nece-sidad de delimitar una política institucional responsable sobre el uso de cámaras fotográficas y equipo audiovisual en los tribunales a la que nos invitaba el Juez Presidente tan reciente como en abril? Véase In re C. 15; Regl. Uso Cámaras Proc. Jud., supra, pág. 443, voto de conformidad del Juez Presidente Señor Hernández Denton. ¿Dónde quedó nuestro deber de “auscultar con detenimiento” y rea-lizar un “análisis sereno” sobre los derechos constituciona-les a la libertad de prensa, a un juicio rápido y público, y a la ventilación de un juicio ante un jurado imparcial? íd., pág. 446 esc. 2, voto de conformidad del Juez Asociado Se-ñor Estrella Martínez. Ciertamente, hoy una mayoría de este Tribunal abandona tales deberes y opta por apostar a un ejercicio de improvisación.
Contrario a lo que sugieren algunos, la evaluación de este programa experimental no debe limitarse a felicitacio-nes de pasillo y a que haya “tenido una excelente aceptación por parte de la prensa y de los dos jueces encargados de las Salas de Recursos Extraordinarios”. ASPRO et al., Ex parte I, supra, pág. 772, voto de conformidad del Juez Presidente Señor Hernández Denton. Necesitamos resulta- *848 dos concretos que puedan ser objeto de estudio y análisis. El ambiente de respeto, solemnidad e imparcialidad, así como el orden y la buena conducta que debe imperar en todo proceso judicial, particularmente en uno de índole criminal, no se consigue mediante autorizaciones selectivas, improvisadas y desreglamentadas como las que avaló una mayoría de este Tribunal en el caso de autos.
Ahora bien, a pesar de mi postura sobre este particular, no puedo pasar por alto las desafortunadas expresiones emitidas por los representantes legales del señor Malavé Zayas en cuanto a que este Tribunal tomó su determina-ción en “cuartos obscuros”. Ello no tan solo es contrario a la verdad de lo que aconteció durante el proceso de evalua-ción de la petición presentada por los grupos periodísticos, sino que además transgrede la conducta ética y de respeto que debe imperar en nuestra profesión, aun cuando no co-incidamos con las posturas asumidas por este Tribunal.
II
Por los fundamentos antes expuestos, revocaría la auto-rización concedida a la Asociación de Periodistas de Puerto Rico (ASPRO), al Taller de Fotoperiodismo, Inc., a la Asociación de Fotoperiodistas de Puerto Rico y al Overseas Press Club de grabar y transmitir el procedimiento de vista de sentencia en el caso de Pueblo v. Malavé Zayas, supra. Como tal proceder no fue el resultado que entendió correcto una mayoría de los miembros de este Tribunal, respetuosamente, disiento.

 Esto porque la redacción del Canon 18, según adoptado en los Cánones de Ética Judicial de 2005 y reenumerado como Canon 15, no permitía la toma de foto-grafías, películas o videos en los procesos judiciales. Véase Canon XVII de Ética Judicial de 1977.

 Esta Regla 6 específicamente establece, en su parte pertinente, lo siguiente:
“(a) Todo medio de comunicación que interese tomar fotografías o grabar imá-genes y audio con el propósito de difundir un proceso judicial deberá presentar una petición por escrito para utilizar cámaras fotográficas o equipo audiovisual de difu-sión dentro del salón del tribunal. Dicha petición se completará en el formulario provisto para ello y se presentará en la Secretaría del Centro Judicial de San Juan por lo menos diez días antes de la fecha asignada en el calendario para el inicio del proceso o tan pronto advenga en conocimiento del mismo. El tribunal podrá aceptar peticiones luego de iniciado el proceso o las que no cumplan con dicho término si determina que existe causa justificada”. In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424, 432 (2013).